1  SPENCER P. HUGRET (SBN: 240424)
   shugret@grsm.com
2  AMY MACLEAR (SBN: 215638)
   amaclear@grsm.com
3  KATHERINE P. VILCHEZ (SBN: 212179)
   kvilchez@grsm.com
4  TRINA M. CLAYTON (SBN: 204215)
   tclayton@grsm.com
5  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
6  San Francisco, CA 94111
   Telephone: (415) 986-5900
7  Facsimile: (415) 986-8054

8  Attorneys for Defendant
   FCA US LLC

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12 IRMA L. ANDERSON,                    )  Case No.
                                        )
13                        Plaintiff     )  FCA US LLC'S NOTICE OF
                                        )  REMOVAL OF ACTION
                                        )  PURSUANT TO 28 U.S.C. §§ 1332,
14          vs.                         )  1441, 1446
                                        )
15 FCA US LLC; CERRITOS DODGE           )  State Court Complaint Filed:
   CHRYSLER JEEP; and DOES 1            )  November 26, 2019
16 through 10, inclusive                )
                                        )
17                        Defendants.   )  Removal Date: April 12, 2021
                                        )
18                                      )
                                        )

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US, LLC ("FCA"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 20STCV21229 of the Superior Court of California, County of Los Angeles.  In support of this removal, FCA states as follows:

## I.   THE REMOVED CASE

1.      The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff IRMA ANDERSON ("Plaintiff") against FCA, entitled *Irma Anderson v. FCA US, LLC, et al.*, Case No. 19STCV42775 (the "State Action"). The two originally named Defendants were FCA and Cerritos Dodge, Inc. dba Cerritos Dodge Chrysler Jeep Ram erroneously sued as Cerritos Dodge Chrysler Jeep ("Cerritos Dodge") (collectively, "Defendants"). (*See* **Exh. A** to the Declaration of Trina M. Clayton ["Clayton Decl."], filed concurrently herewith.) FCA is the only remaining named Defendant in the case as Plaintiff dismissed Cerritos Dodge on March 12, 2021.  (*See* **Exh. B** to Clayton Decl.)

2.      Plaintiff filed the State Action on November 12, 2019, asserting six causes of action against FCA: five causes of action alleging breaches of implied and express warranties under California's Song-Beverly Consumer Warranty Act and a single cause of action for Fraudulent Concealment.  Plaintiff alleges the same cause of action for breach of Implied Warranty of Merchantability against FCA and Cerritos Dodge jointly.  (*See* **Exh. A** to the Clayton Decl.)

3.      FCA and Cerritos Dodge were both served with the Complaint on December 5, 2019.

4.      On January 2, 2020, Defendants petitioned for Removal of this action

based on Plaintiff's fraudulent joinder of Cerritos Dodge.  (*See* **Exh. M** to the Clayton Decl.)   The Court remanded the case back to Los Angeles County Superior Court on February 27, 2020, holding that FCA had not met its "heavy burden" to demonstrate fraudulent joinder. (*See* **Exh. XX**, to the Clayton Decl.)

5.     On May 15, 2020, Cerritos Dodge moved to compel arbitration in accordance with the express terms of the controlling Arbitration Provision.  (*See* **Exhs. GGG – III** to the Clayton Decl.)

6.     The hearing on Cerritos Dodge's Motion came before the Los Angeles County Superior Court on October 6, 2020.  The Court granted Cerritos Dodge's Motion, and stayed the action pending arbitration. (*See* **Exh. DDDD**, to the Clayton Decl.)

7.     On March 12, 2021, without Plaintiff taking any action to pursue her claim against Cerritos Dodge *for almost 16 months*, Cerritos Dodge was dismissed from this action. (*See* **Exh. B** to the Clayton Decl.)

## II.     PROCEDURAL REQUIREMENTS

8.     Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case.  28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable to remove a case.  28 U.S.C. § 1446(3).

9.     FCA received notice of this matter after it was served with a copy of the Complaint on December 5, 2019. As of the date of service on FCA, this matter was not removable as the Complaint did not contain facts that gave rise to a "federal question" and, with the inclusion of Defendant Cerritos Dodge, a California entity (*See* **Exh. A** to the Clayton Decl., ¶¶ 2, 5), complete diversity of citizenship did not exist. 28 U.S.C. § 1332.

10.     "[O]nly a voluntary act of the plaintiff [can] bring about removal to

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." See *Id.* at 657. A dismissal entered at the request of a party is a voluntary act. *Heller v. American States Insurance Company*, 2016 WL 1170891, *3 (C.D. Cal. 2016), (citing *D & J, Inc. v. Ferro Corp.,* (1986) 176 Cal. App. 3d 1191, 1194).

11.     Plaintiff filed a Request for Dismissal as to Cerritos Dodge on March 12, 2021. (*See* **Exh. B** to the Clayton Decl.) In light of Plaintiff's voluntary dismissal of Cerritos Dodge, FCA recognized this matter was now removable to Federal Court based on complete diversity of citizenship.

12.     Based upon the Retail Installment Sales Contract, counsel for FCA was able to ascertain the amount in controversy. (*See* **Exh. C** to the Clayton Decl.)

13.     Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since March 12, 2021 has not elapsed.

14.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhibits A-B and D-IIII** to the Clayton Declaration, filed herewith.

15.     Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this district embraces the place in which the State Action has been pending.

16.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Santa Clara promptly after filing of same in this Court.

17.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

18.     If any question arises as to the propriety of the removal of this action,

FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28
U.S.C. §§ 1332, 1441, 1446

FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

19.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

## III.   <u>THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET</u>

20.     For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

21.     The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).  "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement."  *Dart*, 135 S. Ct. at 553.

22.     Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).  But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount.  Absent the facial showing from the complaint, the court may consider facts averred in the removal petition.  *Id.*  Next, if the defendant's allegation(s) regarding the amount

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

23.     FCA disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

24.     In the case at bar, Plaintiff seeks monetary relief. This is a products liability case. Plaintiff alleges breach of express and implied warranties under the Song-Beverly Consumer Warranty Act; Plaintiff also alleges a claim for fraudulent inducement-concealment with a prayer for punitive damages. (*See* **Exh. A** to Clayton Decl., ¶¶148-165, and Prayer for Relief at p. 27:2-12).

25.     Plaintiff alleges that on or about May 10, 2012, Plaintiff purchased a 2012 Chrysler 300 and that, during the warranty period, "the Vehicle contained developed defects…[that] substantially impair the use, value or safety of the Vehicle." (*See* **Exh. A** to Clayton Decl., ¶¶ 7-9.)

26.     Plaintiff seeks monetary relief under the Song-Beverly Act including: reimbursement of the price paid for the vehicle, all incidental, consequential and general damages, costs and expenses, attorney's fees, and a civil penalty of up to two times the amount of actual damages. (*See* **Exh. A** to Clayton Decl., Prayer for Relief at p. 27:2-12)

27.     The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

28.    The amount in controversy also includes reasonable estimates of attorney's fees.  *Id.* at 1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

29.    The amount in controversy calculation includes punitive damages. (*Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001).)

30.    The Song-Beverly Act allows for the recovery of attorney's fees. (*See* Clayton Decl., ¶113).

31.    The total sale price of the vehicle was $41,724.86  (*See* Clayton Decl., ¶ 26, **Exh. C**.)

32.    Even before taking attorney's fees into account, if Plaintiff was to prevail on her Song-Beverly claims, she could be awarded damages of $75,000.00 or more if awarded statutory civil penalties.  Plaintiff's actual damages of purchase price of $41,724.86 plus $83,449.72 as a two times civil penalty pursuant to the Song-Beverly Act, totals $125,174.58. (*See* Clayton Decl., ¶¶ 26, 27.)  This does not even take into account Plaintiff's claim for punitive damages.

33.    Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied. (*See* Clayton Decl., ¶21; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

## IV.    DIVERSITY OF CITIZENSHIP EXISTS

34.    Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of California.  (See **Exh. A** to Clayton Decl., ¶2; *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist. LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes Plaintiff is a citizen of the state in which they reside in the absence of evidence to the contrary.)).

35.    FCA is not a citizen of California for purposes of diversity

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

1    jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899
2    (9th Cir. 2006) ["An LLC is a citizen of every state of which its owners/member
3    are citizens."].

4        36.    FCA is a limited liability company and its sole member is FCA North
5    America Holdings LLC, also a limited liability company, and the sole member of
6    FCA North America Holdings LLC is Fiat Chrysler Automobiles N.V., a public
7    company incorporated under the laws of the Netherlands and its principal place of
8    business is London, United Kingdom. Recently, FCA consummated a merger with
9    Peugeot S.A., and the entity was renamed "Stellantis N.V." on January 16, 2021.
10   The principal executive offices of the Stellantis N.V are located at Singaporestraat
11   92-100, 1175 RA Lijnden, the Netherlands. (*See* **Exhs. FFFF - IIII** to Clayton
12   Decl., ¶¶ 109-112; FCA's Corporate Disclosure Statement filed concurrently
13   herewith; *see also* Fed. R. Evid. 201(b)(2) [courts may judicially notice facts that
14   "can be accurately and readily determined from sources whose accuracy cannot
15   reasonably be questioned."]; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148,
16   1158 (C.D. Cal. 2007) ["the Court may properly take judicial notice of the SEC
17   filings as public records of undisputed authenticity."]).

18       37.    Because FCA is a limited liability company, and because its ultimate
19   owner is a foreign corporation formed under the laws of the Netherlands, FCA is
20   not considered a citizen of California for purposes of diversity jurisdiction.

21       38.    Accordingly, complete diversity exists between Plaintiff and FCA.

22       39.    Since the dismissal of Cerritos Dodge on March 12, 2021, no other
23   parties remain in this action.

24   **V.    PLAINTIFF NAMED DEFENDANT STEVENS CREEK IN BAD
25       FAITH AND ACCORDINGLY, REMOVAL IS TIMELY UNDER 28
       U.S.C. § 1446(C)(1)**

26       40.    A diversity case where the initial pleading is not removable "may not
27   be removed more than 1 year after the commencement of the action, unless the
28   district court finds that the plaintiff has acted in bad faith in order to prevent a

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28
U.S.C. §§ 1332, 1441, 1446

defendant from removing the action." 18 U.S.C. § 1446(c)(1). The bad faith exception applies to "plaintiffs who joined—and then, after one year, dismissed—defendants [whom] they could keep in the suit, but that they did not want to keep in the suit, except as removal spoilers." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1266 (D.N.M. 2014). Whether a plaintiff has acted in bad faith to prevent removal requires examination plaintiff's subjective intent, as the text of section 1466(c)(1) "strongly suggest[s] intentionality and purpose." (*Id.*)

41.    FCA contends that Plaintiff joined Cerritos Dodge, a non-diverse defendant, in bad faith and for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court.

42.    The Ninth Circuit has not defined a standard for district courts to use when evaluating the 28 U.S.C. § 1446(c)(1) bad faith exception.  *Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196 (W.D. Wash. 2020).

43.    However, "[d]istrict courts in other circuits have found bad faith where 'the plaintiff engaged in strategic gamesmanship to prevent a defendant's removal from state court.'" *Heller v. American States Insurance Company*, 2016 WL 1170891, *3 (C.D. Cal. 2016) citing *Ehrenreich v. Black*, 994 F.Supp.2d 284, 288 (E.D. N.Y. 2014).  As a part of that inquiry, courts have considered the timing of naming and dismissing the non-diverse defendant, the explanation given for dismissal, and whether the plaintiff actively litigated the case in "any capacity" against a non-diverse defendant before dismissal. *See Heacock v. Rolling Frito-Lay Sales, LP*, 2016 WL 4009849, at *3 (W.D. Wash. 2016); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014).

44.    To determine whether the plaintiff "actively litigated" the case, Courts look to the following factors as " permissible purposes for naming and keeping a defendant in a case: (i) recovering damages from the defendant pursuant to a judgment; (ii) obtaining a judgment against the defendant, even if the plaintiff knows the defendant will be unable to satisfy the judgment; (iii) obtaining a

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

settlement from the defendant, even if the plaintiff has already decided that it would not under any circumstances be economical to take the defendant to trial; (iv) leveraging the claims against the defendant to encourage the defendant to testify on the plaintiff's behalf against other defendants; or (v) obtaining discovery from the defendant by virtue of the increased scope of discovery available against parties relative to nonparties." *Aguayo*, 25 F.Supp.2d at 1262-1295.

45.     Initially, the Complaint's allegations regarding Cerritos Dodge are non-specific and do not identify any fact, specific repair, or occurrence in support of any alleged breach of implied warranty of merchantability cause of action.  (See **Exh. A** to Clayton Decl., ¶¶ 5, and 142-146.)

46.     Moreover, Plaintiff named Cerritos Dodge as a defendant in its initial Complaint on November 26, 2019, and dismissed this dealer defendant 16 months later, on March 12, 2021.

47.     During this 16 month period, the case was removed to federal court based on FCA's allegation Plaintiff fraudulently joined Cerritos Dodge in order to defeat diversity jurisdiction, and that Plaintiff had no intention of prosecuting her claims against Cerritos Dodge.  While the Court ultimately this action, holding that FCA had not met its "heavy burden" to demonstrate fraudulent joinder, Plaintiff was clearly on notice that failure to prosecute her claim against Cerritos Dodge was a point of contention.

48.     Despite this understanding, Plaintiff did nothing to pursue her claim against Cerritos Dodge.  That is, Plaintiff did not conduct any written discovery related to Cerritos Dodge, did not notice any depositions related to Cerritos Dodge, and did not engage in any motion work related to Cerritos Dodge.  (*See* Clayton Decl., ¶¶14,17.)This is juxtaposed to the fact that, as to FCA, Plaintiff  propounded over 270 written discovery requests, including 33 Form Interrogatories, 38 Special Interrogatories, 87 Requests for Production, and 43 Requests for Admission on April 3, 2020; with an additional 72 Requests for Production propounded on

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28
U.S.C. §§ 1332, 1441, 1446

August 19, 2020.   (*See* Clayton Decl., ¶ 15.) Moreover Plaintiff additionally scheduled and served a notice of deposition and request for production of documents for FCA's person most knowledgeable on April 3, 2020. (*See* Clayton Decl., ¶ 16.)

49.    For five months after Cerritos Dodge's Motion to Compel Arbitration was granted, Plaintiff failed to pursue arbitration of her claims against Cerritos Dodge. (*See* Clayton Decl., ¶¶ 13, 18.)

50.    Quite simply, Plaintiff did not litigate (or arbitrate) any part of her case against Cerritos Dodge before voluntarily dismissing this Defendant.

51.    In further evidence of Plaintiff's bad faith, even though Cerritos Dodge's Motion to Compel was heard in October 2020, *less than one year* from the filing of her Complaint, Plaintiff waited until March 2021 to dismiss Cerritos Dodge.  This delay was clearly designed to push the dismissal past the "one-year mark" for removal based on diversity of citizenship as set forth in 18 U.S.C. § 1446(c)(1).

52.    Moreover, FCA knew at the outset of the case that Plaintiff had no intention of prosecuting this claim against Cerritos Dodge. (*See* Clayton Decl., ¶ 114).    Indeed, FCA's counsel's experience in opposing automotive product liability cases has been that individual FCA dealerships have not been regularly sued. (*Id.*) Plaintiff's counsel's relatively recent practice of joining FCA-authorized dealership defendants has not resulted in additional recovery for a plaintiff beyond amounts paid by a manufacturer under the Song-Beverly Consumer Warranty Act. (*Id.*) Plaintiff's counsel routinely joins dealership defendants, only to ignore them in terms of all discovery efforts, motion practice, and settlement communications. (*Id.*) For example:

a. In Los Angeles County Superior Court Case No. 19STCV28436, Plaintiff's counsel here represented plaintiff Annette Carrillo in suing FCA and dealership defendant Cerritos Dodge Chrysler Jeep in her complaint filed August

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

12, 2019. (*See* Clayton Decl., ¶ 114, a.) *Carrillo* dismissed dealership defendant from the action on January 12, 2021, 17 months after filing her complaint and a mere two days before dealership defendant's Motion to Compel Arbitration was scheduled to be heard. (*See* Clayton Decl., ¶ 114, a., and **Exh. JJJJ.**) *Carrillo* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, a.) For 17 months after suing the dealership defendant, *Carrillo* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant. (*Id*.)

b. In Orange County Superior Court Case No. 30-2019-01080096-CU-BC-CJC, Strategic Legal Practices represented plaintiff Andrew Leigh in suing FCA and dealership defendant Chrysler Jeep Dodge of Temecula in his initial complaint filed on June 28, 2019. (*See* Clayton Decl., ¶ 114, b.) *Leigh* dismissed the dealership defendant from the action on January 22, 2021, 19 months after filing his complaint and at the same time his opposition to dealership defendant's Motion to Compel Arbitration became due. (*See* Clayton Decl., ¶ 114, b., and **Exh. KKKK.**) *Leigh* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, b.) For 19 months after suing the dealership defendant, *Leigh* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant. (*Id*.)

c. In Orange County Superior Court Case No. 30-2019-01092187-CU-BC-CJC, Strategic Legal Practices represented plaintiffs Eric Garant and Valerie Senior in suing FCA and dealership defendant Tuttle-Click Tustin, Inc. (*See* Clayton Decl., ¶ 114, c.) *Garant* dismissed the dealership defendant from the action on September 24, 2020, 13 months after filing his complaint and on the same day of dealership defendant's Motion to Compel Arbitration hearing. (*See* Clayton Decl., ¶ 114, c., and **Exh. LLLL.**) *Garant f*ailed to identify any fact,

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

specific repair or occurrence related to dealership defendant's alleged negligent repair. (*See* Clayton Decl., ¶ 114, c.) For 13 months after suing the dealership defendant, *Garant* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.  (*Id*.)

d.  In Ventura County Superior Court Case No. 56-2020-00543611-CU-BC-VTA, Strategic Legal Practices represented plaintiffs Esmarei Habibi and Shahnaz Mohammadi in suing FCA and dealership defendant WB Simi Valley CDJR, LLC in their initial complaint filed on July 24, 2020. (*See* Clayton Decl., ¶ 114, d.)  *Habibi* dismissed the dealership defendant from the action on February 8, 2021, six months after filing their complaint and at the same time the opposition to dealership defendant's Motion to Compel Arbitration became due. (*See* Clayton Decl., ¶ 114, d., and **Exh. MMMM.**)  *Habibi* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, d.)  For at least six months, and counting, after suing the dealership defendant, *Habibi* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.  (*Id*.)

e.  In Los Angeles County Superior Court Case No. 19STCV41479, Strategic Legal Practices represented plaintiff Raphael Aldo Mimoun in suing FCA and dealership defendant Russell Westbrook Chrysler Dodge Jeep Ram in his initial complaint filed on November 18, 2019. (*See* Clayton Decl., ¶ 114, e.) Plaintiff executed FCA's 998 Offer to Compromise on August 28, 2020, the day before its expiration and ***after*** an August 12, 2020 ruling that granted defendant dealership's Motion to Compel Arbitration. (*See* Clayton Decl., ¶ 114, e., and **Exh. NNNN.**) *Mimoun* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, e.) For nine months after suing the dealership defendant, *Mimoun* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant. (*Id*.)

FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

f. In Los Angeles County Superior Court Case No. 20STCV32807, Plaintiff's counsel here represented plaintiff Catherine Petersen in suing FCA and dealership defendant Shaver Automotive Group in her initial complaint filed on August 27, 2020. (*See* Clayton Decl., ¶ 114, f.) *Petersen* filed a Request for Dismissal as to dealership defendant on January 21, 2021, four days before dealership defendant's Motion to Compel Arbitration was scheduled to be heard. (*See* Clayton Decl., ¶ 114, f., and **Exh. OOOO.**) *Petersen* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, f.) For five months after suing the dealership defendant, *Petersen* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant. (*Id*.)

g. In Los Angeles County Superior Court Case No. 20STCV26763, Plaintiff's counsel here represented plaintiffs Rachel Enney and Ronald Monk in suing FCA and dealership defendant Central Valley Chrysler Jeep Dodge Ram in their complaint filed on July 16, 2020. (*See* Clayton Decl., ¶ 114, g.) *Enney* filed a Request for Dismissal as to dealership defendant on January 7, 2021, days before plaintiff's Opposition to dealership defendant's Motion to Compel Arbitration was due. (*See* Clayton Decl., ¶ 114, g., and **Exh. PPPP.**) *Enney* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, g.) For six months after suing the dealership defendant, *Enney* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant. (*Id*.)

h. In Los Angeles County Superior Court Case No. 20STCV21007, Plaintiff's counsel here represented plaintiffs Antonio and Josefina Castaneda in suing FCA and dealership defendant Bravo Chrysler Dodge Jeep Ram of Alhambra in their complaint filed on June 3, 2020. (*See* Clayton Decl., ¶ 114, h.) *Castaneda* filed a Request for Dismissal as to the dealership defendant from the action on January 29, 2021, approximately eight months after filing their complaint and at

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the same time their opposition to dealership defendant's Motion to Compel Arbitration became due. (*See* Clayton Decl., ¶ 114, h., and **Exh. QQQQ.**) *Castaneda* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, h.) For approximately eight months after suing the dealership defendant, *Castaneda* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant. (*Id.*)

i. In Santa Clara County Superior Court Case No. 19CV358462, Strategic Legal Practices, the same Plaintiff's counsel in this matter, represented plaintiff Felipe Luna in suing FCA and dealership defendant Stevens Creek Chrysler Jeep Dodge in his complaint filed on October 6, 2020. (*See* Clayton Decl., ¶ 114, i.) *Luna* dismissed the dealership defendant from the action on January 25, 2021, 15 months after filing his complaint and at the same time his opposition to dealership defendant's Motion to Compel Arbitration became due. (*See* Clayton Decl., ¶ 114, i., and **Exh. RRRR.**) *Luna* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, i.) For 15 months after suing the dealership defendant, *Luna* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant. (*Id.*)

j. In Los Angeles County Superior Court Case No. 20STCV26906, Plaintiff' counsel here represented plaintiff Mo Rahman in suing FCA and dealership defendant Glenn E. Thomas Dodge Chrysler Jeep in their complaint filed July 17, 2020. (*See* Clayton Decl., ¶ 114, j.) *Rahman* dismissed the dealership defendant from the action on February 24, 2021, approximately seven months after filing the complaint and at the same time plaintiff's opposition to dealership defendant's Motion to Compel Arbitration came due. (*See* Clayton Decl., ¶ 114, j., and **Exh. SSSS.**) *Rahman* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See*

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Clayton Decl., ¶ 114, j.) For approximately eight months after suing the dealership defendant, *Rahman* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.  (*Id*.)

k. In Los Angeles County Superior Court Case No. 20STCV28440, Plaintiff's counsel here represented plaintiff Amir Heshmatpour in suing  FCA and dealership defendant Shaver Automotive Group in his complaint filed July 28, 2020. (*See* Clayton Decl., ¶ 114, k.) After the case was transferred to Ventura County, Case No. 56-2020-00547467-CU-BC-VTA, *Heshmatpour* dismissed the dealership defendant from the action on March 1, 2021, approximately eight months after the filing the complaint and the day before the hearing on Shaver Automotive Group's *ex parte* application to stay the case pending the hearing on Shaver's Motion to Compel Arbitration. (*See* Clayton Decl., ¶ 114, k., and **Exh. TTTT.**)  *Heshmatpour* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, k.) For approximately eight months after suing the dealership defendant, *Heshmatpour* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.   (*Id*.)

l. In Los Angeles County Superior Court Case No. 20STCV26826, Plaintiff's counsel here represented plaintiffs Emmett  Boone Jr. and Nel  Boone in suing FCA and dealership defendant Hilltop Chrysler Jeep Dodge Ram in their complaint filed July 16, 2020. (*See* Clayton Decl., ¶ 114, l.) *Boone* dismissed the dealership defendant from the action on February 4, 2021, approximately seven months after the filing the complaint and the same day that Plaintiffs' Opposition to Hilltop CDJR's Motion to Compel Arbitration was due. (*See* Clayton Decl., ¶ 114, l., and **Exh. UUUU.**) *Boone* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. (*See* Clayton Decl., ¶ 114, l.) For approximately seven months after suing the dealership

1  defendant, *Boone*  conducted no written discovery, did not notice any depositions,

2  nor engage in any motion work related to dealership defendant. (*Id*.)

3      52.    Here, Plaintiff did not pursue her claim against Cerritos Dodge for the

4  *entire sixteen months this dealer was in the case*.  This includes Plaintiff's failure

5  to  actively litigate her claim against Cerritos Dodge for eleven months prior to the

6  stay of the case, and Plaintiff's failure to pursue arbitration against Cerritos Dodge

7  for 5 months after the case was stayed.  Moreover, Plaintiff waited until after the

8  statutory "one-year removal period" pursuant 18 U.S.C. § 1446(c)(1) before she

9  dismissed Cerritos Dodge from this action.  This procedural history evinces "bad

10  faith" and fraudulent joinder in this action.

11      53.  Accordingly, the claim against the dealership defendant was only

12  brought to defeat the claim of diversity and removal to Federal Court. Because

13  Plaintiff's joinder of Cerritos Dodge was in bad faith, this Court has the

14  jurisdiction to accept this matter, as absent Cerritos Dodge, complete diversity

15  exists for purposes of 28 U.S.C. §1332 jurisdiction.

16  **VI.**    **CONCLUSION**

17      54.    Consequently, the State Action may be removed to this Court by FCA

18  in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because:

19  (i) this action is a civil action pending within the jurisdiction of the United States

20  District Court for the Central District of California, (ii) the action is between

21  citizens of different states, and (iii) the amount in controversy exceeds $75,000.00,

22  exclusive of interest and costs.

23

24  Dated: April 12, 2021                      Respectfully submitted,

25                                                      */s/ Trina M. Clayton*
                                                        Spencer P. Hugret
26                                                      Amy Maclear
                                                        Katherine P. Vilchez
27                                                      Trina M. Clayton
                                                        Attorneys for Defendant
28                                                      FCA US LLC