UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3125 PSG (JPRx) | Date | July 6, 2021 |
|---|---|---|---|
| Title | Irma L. Anderson v. FCA US LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Joseph Remigio | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court GRANTS Plaintiff's motion to remand

Before the Court is a motion to remand this action to the Superior Court filed by Plaintiff Irma L. Anderson ("Plaintiff"). *See generally* Dkt. # 18-1 ("*Mot.*").[1] Defendant FCA US LLC ("FCA") opposed the motion. *See generally* Dkt. # 23 ("*Opp.*"). Plaintiff replied. *See generally* Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Plaintiff's motion.

I. Background

    A. Factual Background

This dispute relates to Plaintiff's purchase of an allegedly defective Chrysler 300 vehicle (the "Vehicle"). *See generally Complaint*, Dkt. # 1-2 ("*Compl.*").

On or about May 10, 2012, Plaintiff purchased the Vehicle from Defendant Cerritos Dodge, Inc. d/b/a Cerritos Dodge Chrysler Jeep Ram ("Cerritos Dodge").[2] *See id.* ¶ 7. Defendant FCA manufactured and distributed the Vehicle that Plaintiff purchased. *See id.*

The Vehicle was covered by an express warranty. *See id.* ¶ 8. The warranty stated that FCA would maintain or provide compensation for the failure of the Vehicle's performance or

---

[1] The Court cites Plaintiff's memorandum in support of her motion because it contains her substantive arguments. Plaintiff's motion, itself, is Docket Entry # 18.
[2] Plaintiff erroneously sued Cerritos Dodge as Cerritos Dodge Chrysler Jeep. *See February 27, 2020 Order Remanding to Superior Court*, Dkt. # 1-51 ("*Remand Order*"), at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3125 PSG (JPRx) | Date | July 6, 2021 |
|---|---|---|---|
| Title | Irma L. Anderson v. FCA US LLC, et al. | | |

utility. *See id.* If a defect developed within the warranty period, FCA further assured Plaintiff that she could deliver the Vehicle to FCA's representatives for repair. *See id.*

According to Plaintiff, the Vehicle developed several defects during the warranty period that "substantially impair[ed] the use, value, or safety of the Vehicle." *See id.* ¶ 9. Many of the defects, such as battery failure and electrical issues, arose from a defective Totally Integrated Power Module ("TIPM") that FCA installed in the Vehicle. *See id.* ¶¶ 13, 17 18. Plaintiff further alleges that, despite FCA's awareness of the TIPM defects from several related recalls and consumer complaints since at least 2007, FCA failed to direct dealerships to disclose the defect to potential buyers or drivers like Plaintiff. *See id.* ¶¶ 21, 95.

Between September 2012 and May 2019, Plaintiff brought the Vehicle to FCA's representatives for repair on ten different occasions. *See id.* ¶¶ 106 16. However, the Vehicle continued experiencing defects and was never adequately repaired. *Id.* at ¶¶ 106 23.

B. Procedural History

On November 26, 2019, Plaintiff filed suit against FCA and Cerritos Dodge in the Los Angeles County Superior Court. *See generally id.* The complaint alleges six causes of action:

First Cause of Action: Violation of the Song-Beverly Consumer Warranty Act ("SBCWA"), Cal. Civ. Code § 1793.2(d), by FCA. *Compl.* ¶¶ 124 29.

Second Cause of Action: Violation of the SBCWA, Cal. Civ. Code § 1793.2(b), by FCA. *Compl.* ¶¶ 130 34.

Third Cause of Action: Violation of the SBCWA, Cal. Civ. Code § 1793.2(a)(3), by FCA. *Compl.* ¶¶ 135 37.

Fourth Cause of Action: Violation of the SBCWA, Cal. Civ. Code §§ 1791.2(a) & 1794 Breach of express written warranty by FCA. *Compl.* ¶¶ 138 41.

Fifth Cause of Action: Violation of the SBCWA, Cal. Civ. Code §§ 1791.1, 1794, & 1795.5 Breach of the implied warranty of merchantability by FCA and Cerritos Dodge. *Compl.* ¶¶ 142 46.

Sixth Cause of Action: Fraudulent inducement concealment by FCA. *Id.* ¶¶ 147 65.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3125 PSG (JPRx) | Date | July 6, 2021 |
|---|---|---|---|
| Title | Irma L. Anderson v. FCA US LLC, et al. | | |

On January 2, 2020, FCA and Cerritos Dodge filed their first Notice of Removal, alleging that Plaintiff fraudulently joined Cerritos Dodge to defeat diversity jurisdiction. *See generally First Notice of Removal*, Dkt. # 1-14. The Court concluded that Cerritos Dodge was not fraudulently joined and remanded the case to the Superior Court on February 27, 2020. *See generally Remand Order*.

On May 15, 2020, Cerritos Dodge moved to compel arbitration. *See generally* Dkt. # 1-60. The Los Angeles County Superior Court granted the motion on October 6, 2020 and stayed the entire case including Plaintiff's claims against FCA pending arbitration. *See generally* Dkt. # 1-83.

On March 15, 2021, Plaintiff dismissed all of her claims against Cerritos Dodge. *See generally* Dkt. # 1-3. Upon Cerritos Dodge's dismissal, FCA filed its Second Notice of Removal on April 12, 2021, which was more than one year after the action commenced. *See generally Second Notice of Removal*, Dkt. # 1 ("*NOR*").

Plaintiff now moves to remand the case to the Superior Court, arguing that removal was untimely.[3] *See generally Mot.* For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper

---

[3] Because the issue of bad faith is dispositive in this matter, the Court will not consider the amount in controversy issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3125 PSG (JPRx) | Date | July 6, 2021 |
|---|---|---|---|
| Title | Irma L. Anderson v. FCA US LLC, et al. | | |

and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

Although a district court lacks the authority to remand a case *sua sponte* for procedural defects, *see Corona-Contreras v. Gruel*, 957 F.3d 1025, 1029 (9th Cir. 2017), and the Ninth Circuit has found that the time limits for removal are procedural, not jurisdictional, *see Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980), a district court may remand based on a timely motion, *see Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) ("Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s . . . time limitation absent a timely filed motion to remand.").

III. Discussion

Plaintiff argues that this matter should be remanded because (1) FCA's removal was untimely  i.e., it was done more than a year after the action commenced   and (2) the bad faith exception does not apply. *See Mot.* 6:13  22.

Ordinarily, if (1) federal subject matter jurisdiction is premised on diversity, and (2) the case was not initially removable from state to federal court, a defendant cannot remove the matter after one year has passed since the commencement of the action. 18 U.S.C. § 1446(b)(3). However, the "bad faith exception" to this rule allows a defendant to remove the case if the plaintiff acted in bad faith to prevent removal until after this time limit expired. *Id.* § 1446(c)(1).

Here, it is undisputed that FCA filed its notice of removal after the one-year limitation. *See NOR* ¶ 40. However, FCA argues that Plaintiff acted in bad faith to prevent removal. *See generally id.*

While the bad faith exception prevents a plaintiff from engaging in deliberate gamesmanship, it is a longstanding principle that the plaintiff is "the master of the complaint, and can plead her cause of action to avoid federal jurisdiction." *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987). Thus, while the Ninth Circuit has not provided a standard by which to evaluate the bad faith exception, district courts within the Ninth Circuit have concluded that "defendants face a high burden [when claiming] that a plaintiff acted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3125 PSG (JPRx) | Date | July 6, 2021 |
|---|---|---|---|
| Title | Irma L. Anderson v. FCA US LLC, et al. | | |

in bad faith to prevent removal." *Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196 (W.D. Wash. 2020) (quoting *Heacock*, 2016 WL 4009849, at *3).

To determine whether a plaintiff acted in bad faith, courts consider (1) the timing of the naming and dismissal of the non-diverse defendant, (2) the explanation given for dismissal, and (3) whether the plaintiff actively litigated the case in "any capacity" against the non-diverse defendant. *Kalfsbeek Charter v. FCA US, LLC,* No. CV 21-2799 DSF (AGRx), 2021 WL 1998241, at *2 (C.D. Cal. May 19, 2021).

The Court considers each factor in turn. Based on an evaluation of these three factors, FCA has failed to meet its heavy burden of establishing that Plaintiff acted in bad faith to prevent removal.

    A.    <u>Timing of Naming and Dismissal</u>

The first factor the Court considers is the timing of the naming and dismissal of the non-diverse defendant. *See id*. This factor does not weigh in favor of finding bad faith.

First, the timing of Plaintiff's naming of Cerritos Dodge does not indicate bad faith. Plaintiff joined Cerritos Dodge when she initiated this action in accordance with the recent trend of naming dealerships in lemon law actions. *See Valenciano v. FCA US LLC*, No. CV 20-03197 CJC (ASx), 2020 WL 1699552, at *3 (C.D. Cal. Apr. 8, 2020); *Heacock*, 2016 WL 4009849, at *3 *4 (drawing a distinction between a plaintiff who included a non-diverse defendant at the "outset of his case" and another who acted in bad faith by joining the defendant in response to a removal notice).

Second, the timing of Plaintiff's dismissal of Cerritos Dodge is insufficient, on its own, to indicate bad faith. *See Stroman v. State Farm Fire & Cas. Co.*, No. C18-1297 RAJ, 2019 WL 1760588, at *3 (W.D. Wash. Apr. 22, 2019) ("[S]uspicious timing by itself . . . is not sufficient to demonstrate bad faith."). Although Plaintiff did not dismiss Cerritos Dodge until sixteen months after the action commenced, courts within the Ninth Circuit have not found bad faith where plaintiffs dismissed non-diverse defendants much closer to the one-year limitation. *See Kalfsbeek Charter*, 2021 WL 1998241, at *3 (finding no bad faith despite the plaintiff's dismissal of the non-diverse defendant only five days after the one-year limitation); *Hamilton San Diego Apartments, LP v. RBC Cap. Markets, LLC*, No. CV 14-1856 WQH (BLM), 2014 WL 7175598, at *5 (S.D. Cal. Dec. 11, 2014) ("The Court finds that WNC's dismissal more than two months after the one-year limitation for removal expired is not indicative of bad faith.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3125 PSG (JPRx) | Date | July 6, 2021 |
|---|---|---|---|
| Title | Irma L. Anderson v. FCA US LLC, et al. | | |

*Weber v. Ritz-Carlton Hotel Co.*, No. CV 18-03351 KAW, 2018 WL 4491210, at *4 (N.D. Cal. Sept. 19, 2018) (finding that plaintiff's dismissal of claims thirteen days after the one-year deadline was insufficient on its own to prove bad faith).

Accordingly, the timing of Plaintiff's naming and dismissal of Cerritos Dodge does not indicate bad faith.

    B.    <u>Explanation for Dismissal</u>

The second factor the Court considers is the plaintiff's explanation for the dismissal of the non-diverse defendant. *See Kalfsbeek Charter*, 2021 WL 19989241, at *2.

When evaluating a plaintiff's explanation, courts have found bad faith where the Plaintiff offers inconsistent explanations for dismissal, *Heller v. Am. States Ins. Co.*, No. CV 15-9771 DMG (JPRx), 2016 WL 1170891, at *3 (C.D. Cal. Mar. 25, 2016), or the "plaintiff's subjective intent . . . 'strongly suggest[s] intentionality and purpose,'" *id.* at *2 (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1266 (D.N.M. 2014)); *see Kalfsbeek Charter*, 2021 WL 199824, at *2. Plaintiffs demonstrate intentionality and purpose to prevent removal when their "desire to stay in state court is the but-for cause of their decision to keep a non-diverse defendant in the case past the one-year deadline for removal." *Heacock*, 2016 WL 4009849, at *4. Courts are less likely to find bad faith when a plaintiff offers a consistent, rational reason for dismissing the non-diverse defendant after the one-year deadline. *See Kalfsbeek Charter*, 2021 WL 199824, at *4.

Here, Plaintiff asserts that she dismissed Cerritos Dodge so that she could proceed to trial against FCA without waiting to arbitrate her claims against Cerritos Dodge. *See Mot.* 25:25 28. This is a valid reason for dismissing Cerritos Dodge, *see Kalfsbeek Charter*, 2021 WL 199824, at *4 (explaining that an attempt to avoid arbitration provided a rational reason for dismissal), and Plaintiff has not presented other, inconsistent explanations, *see Heacock*, 2016 WL 4009849, at *3 ("[B]ad faith was found when a plaintiff offered inconsistent explanations as to why a defendant was not dismissed earlier in the litigation.").

Accordingly, Plaintiff's reasonable explanation for dismissing Cerritos Dodge weighs against finding bad faith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3125 PSG (JPRx) | Date | July 6, 2021 |
|---|---|---|---|
| Title | Irma L. Anderson v. FCA US LLC, et al. | | |

C.    Active Litigation

The third factor the Court considers is whether the plaintiff actively litigated against the non-diverse defendant. *See Kalfsbeek Charter*, 2021 WL 199824, at *2.

Courts have interpreted the active litigation requirement broadly, finding bad faith only where the plaintiff has not litigated the claim "*in any capacity*." *Heacock*, 2016 WL 4009849, at *3. Plaintiffs can satisfy the standard even if they do not serve discovery on the non-diverse defendant. *See Kalfsbeek Charter*, 2021 WL 199824, at *2  *4 (finding that, although the failure to serve any discovery on the non-diverse defendant weighed in favor of a finding of bad faith, it was not dispositive).

Here, although Plaintiff did not serve any discovery on Cerritos Dodge, *NOR* ¶ 48, Plaintiff argues that she actively litigated against Cerritos Dodge by opposing its motion to compel arbitration, *see Mot.* 24:15  17. FCA ignores this argument, and, instead, asserts in conclusory fashion that Plaintiff did not actively litigate her claims. *See Opp.* ¶ 23:14  22. Thus, FCA conceded this argument by failing to meaningfully oppose it. *See Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same). Accordingly, Plaintiff "actively litigated" her claims against Cerritos Dodge.

D.    Summary

FCA has not satisfied its burden of proving that the bad faith exception applies because Plaintiff (1) brought claims against the non-diverse defendant  Cerritos Dodge  in her initial pleading and there is no evidence that she strategically delayed dismissing Cerritos Dodge for the sole purpose of defeating diversity jurisdiction, (2) provided a valid reason for dismissing Cerritos Dodge, and (3) actively litigated the case against Cerritos Dodge. Because FCA has not met its high burden of demonstrating that Plaintiff acted in bad faith, FCA's removal was untimely. *See Heacock*, 2016 WL 4009849, at *3; 18 U.S.C. § 1446(c)(1). Therefore, the Court **GRANTS** Plaintiff's motion to remand to the Superior Court.

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. This Order closes the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3125 PSG (JPRx) | Date | July 6, 2021 |
|---|---|---|---|
| Title | Irma L. Anderson v. FCA US LLC, et al. | | |

**IT IS SO ORDERED.**